UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNA OFFUTT EVANGER,<br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC GYPSUM, LLC.,<br>Defendant. | NO. 3:17-cv-05521-BJR<br><br>**ORDER RE: JURY INSTRUCTIONS** |

## I. INTRODUCTION

This matter was originally assigned to the Honorable Ronald B. Leighton, who presided over the first trial. The jury in that trial was unable to reach a verdict. Judge Leighton retired before the case could be retried, and this matter was transferred to this Court for further proceedings.

The question currently before the Court involves a dispute between the parties regarding whether in this retrial, the Court has the discretion to give jury instructions that differ from those used during the first trial; and, if it does, whether it should. Drawing on analogous "law of the case" doctrine, the Court concludes that it has the discretion to alter the original instructions only if they were "clearly erroneous," or if the second trial presents "substantially different" evidence. The Court applies this standard to Defendant's four proposed modifications, to which Plaintiff has

ORDER RE: JURY INSTRUCTIONS

- 1

objected, and rules as follows.

## II. DISCUSSION

### A. Whether Court Has Discretion to Alter Instructions Given to Jury in First Case

The parties appear to agree that there is a presumption that the Court should adhere to the jury instructions given during the first trial. The question remains, however, whether and under what circumstances the Court has the discretion to alter those instructions in the second trial. Although case law directly on point is scarce, Defendants have cited *Castner v. First National Bank of Anchorage*, which contains a thoughtful discussion of the circumstances under which a second judge, who is reassigned a case in which a first judge has already made substantive rulings, might alter those rulings. 278 F.2d 376 (9th Cir. 1960). In *Castner*, the Ninth Circuit reasoned that where the second judge is "firmly convinced that an error of law has been committed" by the first judge, allowing those errors to govern the case going forward would be "allowing a useless trial to proceed. . . . Under such circumstances, we feel that there is no abuse of discretion in overruling the prior judge." *Id.*, 380–81.

The "law of the case" doctrine, "under which an appellate court does not reconsider matters resolved on a prior appeal" in the same case, is an apt analogy to the instant circumstances, and provides a useful test for the Court to apply in deciding whether to alter prior rulings in this case. *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997). Outlining exceptions to the law of the case doctrine, the Ninth Circuit has concluded that the "the prior decision should be followed unless: (1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id*.

(citations omitted).[1] Using this standard, the Court reviews each of Defendant's proposed modifications in turn.

**B. Whether Instructions Given at the First Trial Were "Clearly Erroneous"**

*1. Defendant's Proposed Instruction "A"*

Defendant requests that the Court give the jury an instruction that Plaintiff, for ease of reference, has labeled Instruction "A." That proposed instruction states "[t]he Washington Law Against Discrimination does not provide any protection, or apply to, employees in a dating or cohabiting relationship. It only applies to employee's [*sic*] marital relationships." Def.'s Prop. Jury Instr. A, Ex. to Pl.'s Mem. Re: Jury Instr., Dkt. No. 141 at 8. Judge Leighton declined to give this instruction, advising Defendant's counsel "[t]hat's going to be in your closing argument," and "some of these things get close to being a comment on the evidence and that's why we try to avoid it." Trans. of 9/4/19 Hrg. at 19:1-6, Ex. to Pl.'s Mem. Re: Jury Instr. at 20.

Defendant argues that this proposed instruction "sets forth the law regarding what types of relationships are protected under Washington's marital discrimination law and this is essential in Georgia Pacific's defense." Def. Br. at 3, citing *Waggoner v. Ace Hardware Corp.*, 134 Wn.2d 748, 753-54 (1988) (holding employees dating or in a cohabitating relationship are not protected). While it is true that Defendant is entitled to instruction on what the relevant law *is*, it is not necessarily entitled to an instruction detailing what the law *is not*. An agreed portion of Instruction No. 12 provides, in relevant part, that the Plaintiff "has the burden of proving . . . that

---

[1] The Ninth Circuit subsequently overruled and limited *Jeffries* in part, noting that the exceptions it outlined to the law of the case doctrine "are not exceptions to our general "law of the circuit" rule." *See Gonzalez v. Arizona*, 677 F.3d 383, 390 (9th Cir. 2012), *aff'd sub nom. Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013). That rule provides that "a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so." *Id.* (citations omitted). This clarification does not undermine the Court's reliance on the exceptions in the circumstances of this case.

ORDER RE: JURY INSTRUCTIONS

- 3

Plaintiff's marital status was a substantial factor in Defendant's decision to take the adverse action." Instr. No. 12, Dkt. No. 92 at 13. In the absence of evidence (or indeed, even of argument) that there is confusion surrounding the term "marital" as used in the Washington Law Against Discrimination or in the context of the evidence in this case, proposed instruction "A" is redundant and, as Judge Leighton perceived, could be construed as providing impermissible commentary on the evidence. The decision to exclude the instruction was not clearly erroneous, and the Court denies Defendant's request that it be given to the jury on retrial.

> 2. *Proposed Instructions "B" and "C": Defendant's Proposed Modifications to Instructions No. 12 and 13*

Defendant proposes a modification to Instructions No. 12 and 13 given at the original trial. Instruction No. 12 outlined the three essential elements that Plaintiff has the burden of proving to prevail on her marital status discrimination claim: "(1) that Defendant took an adverse employment action against her; (2) that Plaintiff's marital status was a substantial factor in Defendant's decision to take the adverse action, and (3) that Plaintiff's termination was not a business necessity required by Defendant's code of conduct." Instr. No. 12, Dkt. No. 92 at 13. The original instruction further provided "[i]f you find from your consideration of all the evidence that propositions (1), (2) and (3) have been proved, then your verdict should be for Plaintiff on her marital status claim. On the other hand, if propositions (1), (2), or (3) have not been proved, your verdict should be for Defendant on this claim." *Id*. Instruction 13 provided a definition of "business necessity." *Id*. at 14.

Defendant proposes modifying Instruction No. 12 by keeping subsections (1) and (2) as they are, but substituting everything after subsection (2) with the following:

> If you find from your consideration of all of the evidence that Plaintiff has not proved each of these propositions by a preponderance of all of the evidence, then

ORDER RE: JURY INSTRUCTIONS
- 4

your verdict should be for Georgia Pacific-Gypsum on this claim. However, if after considering all of the evidence you find that Plaintiff has proved each of these propositions by a preponderance of all of the evidence, then you must also determine whether Plaintiff has met her burden in proving the following:

(3) that Georgia Pacific-Gypsum was not enforcing a documented conflict of interest policy, in doing so.

If you find from your consideration of all of the evidence that Plaintiff has met this final burden and has proved it by a preponderance of the evidence, then your verdict should be for the Plaintiff on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for Georgia Pacific-Gypsum.

Prop. Instr. B, Ex. to Pl's Br., at 9-10.

Defendant does not explain in what way the proposed additional paragraph that it would interlineate between subsections (2) and (3) is a clearer or more accurate statement of the law, or why the jury would need two iterations of the same concept, *i.e.*, that Plaintiff has the burden of proving all three elements. Once—as given in the original Instruction No. 12—is enough, and the Court declines to adopt this portion of the proposed modification.

Defendant does argue, however, that the original subsection (3) of Instruction No. 12 as quoted above, which required Plaintiff to prove that her "termination was not a business necessity required by Defendant's code of conduct," and the original Instruction No. 13, which defined a "business necessity" as a "compelling need to avoid a business-related conflict of interest," were—and are—incorrect statements of the law. Defendant argues that these instructions were based on provisions of the Washington Administrative Code that were superseded in 1999. The new language of the regulations implementing the WLAD provides that an exception to the prohibition on marital status discrimination exists:

> If an employer is enforcing a documented conflict of interest policy limiting employment opportunities on the basis of marital status:

ORDER RE: JURY INSTRUCTIONS

- 5

>    (i) Where one spouse would have the authority or practical power to supervise, appoint, remove, or discipline the other;
>
>    (ii) Where one spouse would be responsible for auditing the work of the other;
>
>    (iii) Where other circumstances exist which would place the spouses in a situation of actual or reasonably foreseeable conflict between the employer's interest and their own; or
>
>    (iv) Where, in order to avoid the reality or appearance of improper influence or favor, or to protect its confidentiality, the employer must limit the employment of close relatives of policy level officers of customers, competitors, regulatory agencies, or others with whom the employer deals.

WAC 162-16-250. This is essentially the language that Defendant proposes using to replace the original reference to and definition of "business necessity" in Instructions No. 12 and 13. *See* Prop. Instrs. B and C, Ex. to Pl's Br., at 9-11.

The Court agrees that Defendant has identified in Instructions No. 12 and 13 given at the first trial what may have been a "clearly erroneous" application of the law. This being so, the Court has the discretion to modify the instruction. The Court will permit the parties to argue, at the appropriate time, presumably at the close of the case before the jury is instructed, for language that more accurately reflects the current law, and the evidence given at trial.

   3. *Defendant's Proposed Instruction "D"*

Finally, Defendant asks the Court to reconsider Judge Leighton's rejection of its proposed instruction providing the following:

> In making your determination in this case, you are not [being] asked to sit as a "super-personnel department" and should not try to determine whether Defendant was correct in making its determination related to Plaintiff. Instead, you need only determine whether [] Defendant honestly believed the reasons for its actions, even if you believe that the reasons were "foolish, trivial or even baseless."

Prop. Instr. D, Ex. to Pl's Br., at 12. Defendant argues the instruction is "good law," based on *Villarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

ORDER RE: JURY INSTRUCTIONS

- 6

Judge Leighton declined to give the instruction, opining that the case as it had been presented was "a closer question" than the proposed instruction might suggest, and rejecting the the instruction as "hyperbole." 9/4/19 Hrg. Trans. at 19:12-23. Defendant has failed to demonstrate that Judge Leighton's rejection of this proposed instruction was clearly erroneous under the circumstances of the first trial. Recognizing that the retrial may unfold differently, however, the Court will permit a reargument on this proposed instruction if "substantially different evidence [is] adduced" at the second trial. *Jeffries,* 114 F.3d at 1489.

### III. CONCLUSION

It is so ordered.

DATED this 12th day of May, 2021.

Barbara Jacobs Rothstein
U.S. District Court Judge