The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHANNA OFFUTT EVANGER,<br>Plaintiff,<br><br>v.<br><br>GEORGIA-PACIFIC GYPSUM, LLC.,<br>Defendant. | NO. 3:17-cv-05521-BJR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RETAX COSTS** |

This matter comes before the Court on a Motion to Retax Costs, filed by Plaintiff Shanna Offutt Evanger. After prevailing at trial, Defendant Georgia-Pacific Gypsum, LLC filed a bill of costs seeking an award of $50,388.08, including $22,036.50 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Def.'s Mot. Re: Bill of Costs, Dkt. No. 169 at 4. The Clerk of Court properly disallowed taxation of $27,438.50 for expert witness fees, and authorized a total award of $13,877.95. Taxation of Costs, Dkt. No. 185 at 1-2.[1] Of that total award, $13,092.95 was related to deposition transcripts, which the Clerk stated "appear to be obtained for use in case." *Id*.

---

[1] The $6,249.40 of the requested $22,036.50 related to transcripts that the Clerk disallowed were for "in-court trial tech services" and transcripts of in-court proceedings, which the Clerk stated were not taxable.

ORDER DENYING PLAINTIFF'S
MOTION TO RETAX COSTS

- 1

Plaintiff timely filed the instant motion challenging the Clerk's bill, which the Court reviews de novo. *See Lopez v. San Francisco Unified School Dist.*, 385 F.Supp.2d. 981, 1001 (N.D. Cal. 2005). In her motion, Plaintiff challenges the $13,092.95 amount awarded under the rubric of deposition transcripts. She claims Defendant is instead entitled to only $1,361.10, the cost of the sole deposition transcript actually introduced into evidence at trial. She argues that the Clerk's award for all other deposition transcripts comports neither with the Washington statute authorizing a prevailing party's recovery of costs, nor with the federal statute, 28 U.S.C. § 1920, which enumerates which expenses the "judge or clerk of any court of the United States may tax as costs." *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).

Plaintiff's argument is unavailing. First, it is federal law, not state law, that applies. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir.2003) ("An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases.") (citing *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n. 2 (9th Cir.1987); 10 Wright & Miller, Federal Practice & Procedure § 2669 (3d ed. Apr.2015) ("The award of costs is governed by federal law.")). Plaintiff has offered no support for her assertion that the Court should look to state law in this case, and federal law clearly applies.

Second, under the federal statute that enumerates which costs are appropriately taxed, the prevailing party is allowed recovery for "[f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*." 28 U.S.C. § 1920(2) (emphasis added). Plaintiff argues that under this standard, Defendant is not entitled to recover the costs for deposition transcripts of witnesses not called at trial, or for transcripts that were not introduced into evidence.

ORDER DENYING PLAINTIFF'S
MOTION TO RETAX COSTS

- 2

The standard for whether a transcript is "necessarily obtained for use in the case," however, is not as strict as Plaintiff proposes. Neither the plain language of the statute, nor any case law Plaintiff has provided the Court, indicates that a prevailing party may recover the cost only of transcripts actually introduced into evidence, or for witnesses actually called. On the contrary, the Ninth Circuit has explicitly rejected so narrow an interpretation of the phrase "necessarily obtained for use in the case." *See Wash. State Dep't of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir.1995) (district court "can, in its discretion, tax [deposition costs and copying] costs even if the items in question were not used at trial.") (citing *Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (rejecting argument that the phrase means "actually used in this case and made a part of the record," stating "this narrow interpretation of section 1920(4) . . . is not supported by the plain language of that section or by case law.")) .

Indeed, in this case, it appears that all of the transcripts for which Defendant seeks costs-recovery were for depositions of individuals that were either (1) on Plaintiff's trial witness list; (2) called by Defendant to testify at trial; and/or (3) used to prepare Defendant's cross examination of Plaintiff's expert witness, all of which Defendant reasonably claims were "necessarily obtained." It is not clear from Plaintiff's motion under what theory these transcripts could conceivably be otherwise. *See, e.g., CP Anchorage Hotel 2, LLC v. Unite Here! Loc. 878*, No. 3:18-CV-00071-JMK, 2022 WL 845576, at *6 (D. Alaska Mar. 22, 2022) (rejecting argument that explicit citation to a transcript is a necessary condition for recovery of costs, "especially true given that deponents were identified by Plaintiff as potential trial witnesses.").

Plaintiff also challenges taxation of certain ancillary costs associated with the transcripts,

ORDER DENYING PLAINTIFF'S
MOTION TO RETAX COSTS

- 3

other than for the transcripts themselves. She givs as examples the costs of shipping and handling, exhibit copying, and "related costs for scanning," claiming that this category totals $8,899.40 and should be deducted from the bill. While Plaintiff generally objects to all non-transcript-specific costs, however, she fails to state with any particularity which costs she is challenging, let alone argue why such costs should be disallowed, and from the briefing, the Court is unable to discern how Plaintiff calculated the $8,899.40 amount she is challenging. These "improperly generic objections" fail to meet the requirements of the Local Civil Rule governing her appeal. *See* LCR 54(d)(4) (party appealing clerk's taxation "shall specify the ruling(s) of the clerk to which the party objects."); *Slaight v. Tata Consultancy Servs., Ltd*, No. 15-CV-01696-YGR, 2019 WL 3934934, at *1 (N.D. Cal. Aug. 20, 2019). Furthermore, other district courts in the Ninth Circuit have rejected the argument that costs be allowed strictly for physical transcripts only, and this Court does as well. *See, e.g., CP Anchorage Hotel 2*, 2022 WL 845576, at *4 ("To the extent that Plaintiff challenges the taxation of deposition costs besides 'fees for the printed or electronically recorded transcripts,' the Court finds this to be an inappropriate reading of 28 U.S.C. § 1920, and that 'transcript fees' include those fees necessary for obtaining the transcript."); *see also, e.g., Genuine Enabling Tech. LLC. v. Nintendo Co.*, No. C19-00351-RSM, 2021 WL 211536, at *4 (W.D. Wash. Jan. 21, 2021) ("[C]ourts in this district have concluded that costs for obtaining deposition exhibits are recoverable.").

///

///

ORDER DENYING PLAINTIFF'S
MOTION TO RETAX COSTS

- 4

For the foregoing reasons, the Court affirms the Clerk's taxation of costs, and denies Plaintiff's Motion to Retax Costs.

DATED this 26th day of July, 2022.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING PLAINTIFF'S
MOTION TO RETAX COSTS

- 5